IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERONICA PEARSON, et al.,

      Plaintiffs,                                No. CIV S-12-423 MCE CKD PS

      vs.

OAKS APARTMENT, et al.,

      Defendants.                            ORDER

/

          Plaintiffs are proceeding in this action pro se. Plaintiffs have filed in forma pauperis affidavits in which they state that their combined monthly take home income is $2187. Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The amount of plaintiffs' income shows that plaintiffs are able to pay the filing fee and costs. Thus, plaintiffs have made an inadequate showing of indigency. See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993); California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991); Stehouwer v. Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994). Plaintiffs will therefore be granted twenty days in which to submit the appropriate filing fee to the Clerk of the

1  Court.  Plaintiffs are cautioned that failure to pay the fee will result in a recommendation that the
2  application to proceed in forma pauperis be denied and the instant action be dismissed without
3  prejudice.

4  The complaint alleges claims arising out of a tenant/landlord dispute, an
5  infestation of bed bugs, and eviction proceedings.  Only state law claims are alleged.  By order
6  filed February 23, 2012, plaintiffs were ordered to show cause why this action should not be
7  dismissed for lack of subject matter jurisdiction.  Although plaintiffs have filed a response to the
8  order to show cause, the response does little to clarify a proper basis for subject matter
9  jurisdiction.  For instance, plaintiffs cite Title 50 of the United States Code.  Title 50 pertains to
10 statutes relating to war and national defense.  It is not at all readily apparent from plaintiff's
11 response how the cited federal provisions relate to what essentially are state law claims.
12 Plaintiffs will therefore be granted an opportunity to amend the complaint.  Plaintiffs are
13 reminded that this is a court of limited jurisdiction.  As the complaint now stands, it appears that
14 plaintiffs' claims should proceed in state court, not federal court.

15 If plaintiffs choose to pay the filing fee and proceed in this court, the amended
16 complaint must set forth a proper basis for subject matter jurisdiction.  Federal Rule of Civil
17 Procedure 8(a).  Further, plaintiffs must demonstrate how the conduct complained of has resulted
18 in a deprivation of plaintiffs' federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

19 In addition, plaintiffs are informed that the court cannot refer to a prior pleading in
20 order to make plaintiffs' amended complaint complete.  Local Rule 15-220 requires that an
21 amended complaint be complete in itself without reference to any prior pleading.  This is
22 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
23 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiffs file an amended complaint, the original
24 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
25 original complaint, each claim and the involvement of each defendant must be sufficiently
26 alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days from the date of this order, plaintiffs shall submit the appropriate filing fee. Failure to pay the fee will result in a recommendation that the action be dismissed without prejudice to the claims being filed in state court.

2. Plaintiffs' complaint is dismissed; and

3. Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiffs must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 9, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
pearson.den.lta